UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SCOTT DAVID HAMMER,<br><br>                Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS INC.,<br><br>                Defendants. | Case No.: 3:18-cv-1502<br><br>AMENDED COMPLAINT |

Plaintiff, Scott Hammer, alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendants violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

**PARTIES**

4. Plaintiff is a natural person, who at all relevant times has resided in Dallas, Texas.

5. Defendant Equifax Information Services, LLC. ("Equifax") is a business entity that regularly conducts business in Texas with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information

concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

6.  Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Texas with its principal place of business as 475 Anton Blvd. Costa Mesa, California 92626. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FACTUAL STATEMENT

7.  As early as 2010, Plaintiff maintained a credit card with Capital One Bank.

8.  Throughout the last eight (8) years, Plaintiff has made timely payments on said credit card each and every month.

9.  At some point in 2017, Plaintiff reviewed his credit report Equifax, Trans Union, and Experian and noticed that the Capital One credit card was no longer reporting on any of his three credit reports.

10. Plaintiff than disputed the missing account with each of the three credit reporting agencies, stating that the Capital One account should appear on his credit report.

11. In response to his dispute, Trans Union placed Capital One back on Plaintiff's credit report. However, both Equifax and Experian refused to report the information.

12. After discussing the issue with Capital One, Capital One indicated to Plaintiff that it was in fact reporting the credit card status to each of the three credit reporting agencies.

13. Thereafter, Plaintiff sent another dispute to Experian and Equifax providing proof of the account and the timely payments. Despite this dispute, both credit reporting agencies refused to return the trade line back on Plaintiff's credit report.

14. After a third dispute, Experian reinserted the account, but Equifax failed to report the trade line.

15. On or around November 2017, Equifax reinserted the account without providing notice to Plaintiff of the reinsertion as required by the FCRA.

16. Within a weeks' time however, Equifax again removed the trade line. Despite numerous disputes from Plaintiff concerning the trade line, Equifax refused to place it back on Plaintiff's credit.

17. As a result, Plaintiff lost a positive trade line demonstrating a long history of timely payments, and Plaintiff's credit score and credit worthiness were unnecessarily diminished.

### COUNT I
### VIOLATION OF THE FAIR CREDIT REPORTING ACT

18. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

19. Defendants Experian and Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

20. Experian and Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

21. After receiving Plaintiff's dispute highlighting the errors, Experian and Equifax negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

22. As a direct and proximate cause of Experian and Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

23. In addition, Equifax failed to provide timely notice of reinsertion in violation of 15 U.S.C. § 1681i.

24. Experian and Equifax's conduct, action and inaction was willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian and Equifax were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Experian and Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

25. Plaintiff demands a jury trial on all issues so triable.

Dated this 11th of June, 2018.

Respectfully Submitted,

/S/ Seth Crosland
Seth Crosland, Esq.
Crosland Law Firm, PLLC
1848 Norwood Plaza, Suite 205B
Hurst, Texas 76054
Phone: (972) 591-6919
Email: seth@croslandlawfirm.com